UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-00841-MEO-DCK

| | | |
|---|---|---|
| SOHAIL AHMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM & ORDER |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff and Defendants' Motions to Dismiss. (Doc. Nos. 7, 9). For the reasons explained below, the Court will dismiss Plaintiff's case and deny the pending motions to dismiss as moot.

*Pro se* Plaintiff initiated this matter on October 23, 2025, asking this Court for a writ of mandamus and declaratory relief to compel Defendants to adjudicate his Form I-130, Petition for Alien Relative. (Doc. No. 1 ¶ 1). On January 30, 2026, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, asserting that the agency approved Plaintiff's I-130 petition on December 17, 2025, such that his request is moot, and he lacks standing. (Doc. Nos. 7, 8 at 1–2; 8-1). On February 3, 2026, *pro se* Plaintiff filed a motion to dismiss asking this Court to "dismiss this case in light of the fact that the United States Citizenship and Immigration Services (USCIS) has approved

---

[1] Pursuant to Fed. R. Civ. P. 25(d), successor officers are automatically substituted as parties in this case.

Form I-130 . . . rendering the matter moot." (Doc. No. 9 at 1). *Pro se* Plaintiff explains that he has received the relief he sought in this matter and no longer needs this Court's intervention. *Id.*

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the notice states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Rule 41(a)(2) governs dismissal by court order and states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, Defendants have filed neither an answer nor a motion for summary judgment. Accordingly, the Court liberally construes *pro se* Plaintiff's motion as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) and concludes that *pro se* Plaintiff is entitled to dismissal without leave of Court. Though Defendants do not take a position on whether Plaintiff's motion is a notice of dismissal, Defendants appear to agree with Plaintiff's assertion that his case is moot. *See* (Doc. Nos. 7, 8).

**IT IS, THEREFORE, ORDERED** that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** and the pending Motions to Dismiss (Doc. Nos. 7, 9) are **DENIED AS MOOT.**

**SO ORDERED.**

Signed: June 9, 2026

Matthew E. Orso
United States District Judge